[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
STATE OF CONNECTICUT VS. CHARLES T. BELLINO
 Date of Sentence June 20, 1991 Date of Application June 20, 1991 Date Application Filed June 28, 1991 Date of Decision January 26, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at New Haven, Docket No. CR6-321911.
William Tiernan, Esq., for the Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney for the State
BY THE DIVISION
The petitioner was convicted, after a trial by Jury of Manslaughter 1st in violation of Connecticut General Statutes53a-55; attempted assault 1st in violation of Connecticut General Statutes 53a-49a and 53a-59(a)(1) and carrying a pistol without a permit, in violation of Connecticut General Statutes 29-35.
The sentencing court imposed 20 years on the Manslaughter 1st, 10 years consecutive on the Criminal Attempt to Commit Assault 1st, and 5 years consecutive on carrying a pistol without a permit for a total effective sentence of 35 years to serve.
FACTS
Three people were leaving a 24 hour convenience store in the city of New Haven when a car attempted to cut in front of their car. The offending car then pulled along side of the car and words were exchanged. One of the victims observed a weapon in the other vehicle and told the driver to take off. As the car began to drive away one shot was heard that shattered the glass on the drivers side door, more gunshots were heard and the back window was shot out. In the process the driver was shot in the head and the front passenger was shot in the back. The victim arrived in critical condition at the hospital and was kept alive on life support systems for about five days. The autopsy revealed that he died as a result of a gunshot to the head in which the bullet lodged in the brain of the victim. An eyewitness testified that the petitioner removed a revolver from his coat and fired six times, emptying the gun into the car.
Counsel for the petitioner argued that the chain of events happened so fast that they occurred in a matter of seconds and that the petitioner did not form a preconceived notion to commit a crime. He argued that all of the charges and convictions are part of the same transaction and that the petitioner should have received the maximum of twenty years for his acts.
The petitioner addressed the board indicating that he was working, attending school and "trying to do the right thing". CT Page 2432
The attorney for the state noted that the victims in this case were totally innocent of any wrongdoing. That the petitioner had a prior record as a drug dealer and that he used guns without thinking. Here the petitioner used "hollow point" bullets in his gun. The state argued that the judge took into consideration all of the aspects of the case as evidenced by his extensive remarks at the sentencing hearing. He urged this panel to affirm the sentencing especially the consecutive portion of the sentence as he felt it most appropriate for the crimes the petitioner was convicted of by the jury.
In reviewing the remarks of the sentencing judge they show that the court recognized the petitioners upbringing and his present family status. However, the court felt that whatever positive considerations they generated were used up by the horrific conduct displayed by the petitioner in the case before it.
The court has a duty in imposing sentence to protect society, to deter further criminal activity such as occurred here and to isolate those who have a propensity to commit such offenses. Considering that a life was taken for no reason at all we conclude that the sentence imposed was not inappropriate nor disproportionate in light of the nature of the offenses and the character of the petitioner. The sentence is affirmed.
Norko, J. Klaczak, J. Purtill, J.
Norko, J., Klaczak, J. and Purtill, J. participated in the hearing.